# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

LINDA C. CHASE,

      Plaintiff,

v.                                                                    Case No.  5:26-cv-3-AW/MJF

REBECCA FISHER LAW
and REBECCA FISHER,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* is suing two Defendants—an attorney and the attorney's eponymous law firm—for breach of contract stemming from Defendants' allegedly inadequate representation of Plaintiff in a matter before the Equal Employment Opportunity Commission. Because Plaintiff has not made a prima facie demonstration that the District Court may exercise personal jurisdiction, the District Court should dismiss this civil action.

### BACKGROUND

Plaintiff is a Florida resident who "signed a contract on May 10, 2019" for Defendants to represent her "in an EEOC complaint." Doc. 15

at 6–7. Plaintiff alleges that Defendants breached the contract when they "failed to exercise their right to obtain information regarding [Plaintiff's] claim as opposed to having [Plaintiff] sign the declaration dated January 5, 2021." Doc. 15 at 7. Plaintiff appears to be suing for breach of contract under Florida law. Plaintiff requests compensatory and punitive damages as well as the production of postal records relating to a Freedom of Information Act request that Plaintiff allegedly completed in 2019. *Id.*

## A.   <u>Plaintiff's Previous Lawsuit in this District</u>

On May 13, 2024, Plaintiff initiated a civil action in the Northern District of Florida against Rebecca Fisher. *Chase v. Fisher*, No. 5:22-cv-179-AW-MAF, at ECF No. 1 (N.D. Fla. Sept. 2, 2022). In her complaint, Plaintiff attempted to state a claim for violation of the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and the Federal Employees Compensation Act. *Id.* at 7. Plaintiff's claims stemmed from similar facts as this case—that Fisher failed to represent Plaintiff effectively. *Id.* at 5–6.

## B.   <u>Judge Winsor Dismisses Plaintiff's Suit for Lack of Personal Jurisdiction</u>

On May 17, 2023, Judge Allen C. Winsor dismissed Plaintiff's case for lack of personal jurisdiction. *Chase*, No. 5:22-cv-179, ECF No. 29.

**C. Plaintiff Files her Lawsuit in the Northern District of Indiana**

On May 13, 2024, Plaintiff initiated a civil action in the Northern District of Indiana against Fisher and her firm. *Chase v. Fisher*, No. 2:24-cv-163-TLS-APR, at ECF No. 1 (N.D. Ind. May 13, 2024). Plaintiff's civil action in the Northern District of Indiana essentially was identical to the instant action insofar as Plaintiff alleged breach of contract. *Id.*

**D. The Northern District of Indiana Dismisses Plaintiff's Suit for Lack of Personal Jurisdiction**

On October 24, 2024, Judge Theresa L. Springmann dismissed Plaintiff's civil action for lack of personal jurisdiction. *Chase*, No. 2:24-cv-163, ECF No. 16. Judge Springmann noted that the court lacked both general and specific personal jurisdiction and that Plaintiff's complaint "contain[ed] no allegations to support personal jurisdiction over the Defendant" in Indiana. *Id.* at 4.

**E. Plaintiff Files a Second Lawsuit in the Northern District of Florida**

On January 5, 2026, undeterred by Judge Winsor's order dismissing a nearly identical action for lack of personal jurisdiction in this district, Plaintiff initiated this civil action. Doc. 1.

1.   ***The Undersigned's First Order Regarding the Lack of Personal Jurisdiction***

On February 24, 2026, the undersigned reviewed Plaintiff's complaint and immediately noticed that Plaintiff failed to allege facts that indicated that the District Court possessed personal jurisdiction. Doc. 5. The undersigned ordered Plaintiff to amend her complaint to allege facts which showed that the District Court had personal jurisdiction over Defendants, if possible. *Id.* at 9.

2.   ***Plaintiff Objects to the Undersigned's Order***

On March 16, 2026, Plaintiff filed a "Notice of Appeal and Objection" to the undersigned's order regarding personal jurisdiction. Doc. 7. Plaintiff—apparently under the misapprehension that personal jurisdiction and subject-matter jurisdiction are the same thing—argued that the District Court possessed personal jurisdiction by virtue of the parties' diverse citizenship. *Id.* at 2.

On March 19, 2026, the District Court overruled Plaintiff's objection and noted that subject-matter jurisdiction and personal jurisdiction are not synonymous. Doc. 8.

### 3.    *Plaintiff Files her First Amended Complaint*

On April 13, 2026, Plaintiff filed her first amended complaint. Doc. 12. Plaintiff again failed to allege that the District Court had personal jurisdiction over Defendants.

### 4.    *The Undersigned's Second Order Regarding the Lack of Personal Jurisdiction*

On April 15, 2026, in response to Plaintiff's first amended complaint, the undersigned issued an order requiring Plaintiff to show cause why this case should not be dismissed for lack of personal jurisdiction. Doc. 13.

### 5.    *Plaintiff Files a Second Amended Complaint*

On April 27, 2026, in response to the undersigned's show-cause order, Plaintiff filed a second amended complaint. Doc. 14. Nothing in Plaintiff's second amended complaint indicates that the District Court possesses personal jurisdiction.

## DISCUSSION

Personal jurisdiction concerns "the court's power to exercise control over the parties." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). The requirement of personal jurisdiction is designed "to save defendants from inconveniences to which they might be subjected if they

could be compelled to answer in any district, or wherever found." *General Inv. Co. v. Lake Shorte & M.S. Ry. Co.*, 260 U.S. 261, 275 (1922). Absent personal jurisdiction over the parties, a federal court generally is "powerless to proceed to an adjudication." *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937).

Under the Fourteenth Amendment's Due Process Clause, a court's ability to exercise personal jurisdiction "depends on the defendant's having such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)). Thus, the "determination of personal jurisdiction over a nonresident defendant requires a two-part analysis." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1999).

First, the court "must examine the jurisdictional issue under the state-long arm statute." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). Second, the court "must ascertain whether or not sufficient minimum contacts [exist] to satisfy the Due

Page 6 of 12

Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Madara*, 916 F.2d at 1514.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). A plaintiff also bears the "the ultimate burden of establishing that personal jurisdiction is present." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

There are two types of personal jurisdiction: general and specific. *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12 (2025). Florida's long-arm statute "provides for both general and specific personal jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citing Fla. Stat. § 48.193(1)–(2)). "General personal jurisdiction is based on a defendant's substantial activity in Florida without regard to

where the cause of action arose" whereas "specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida." *Id.*

**A.**   **Plaintiff Has Failed to Make a Prima Facie Demonstration of General Personal Jurisdiction**

Fla. Stat. § 48.193(2) provides that courts may exercise general personal jurisdiction over a defendant if the defendant engages in "substantial and not isolated activity" in Florida. *Id.*; *Carmouche v. Tamborlee Mgmt, Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015). The reach of § 48.193(2) "extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010).

Under the Due Process Clause of the Fourteenth Amendment, a court may assert general personal jurisdiction over an entity when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Carmouche*, 789 F.3d at 1204 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). One example of a "continuous and systematic" affiliation includes a corporation's place of incorporation and principal place of business, which constitute "paradigm all-purpose forums." *Daimler AG*

*v. Bauman*, 571 U.S. 117, 118 (2014). For an individual, "the paradigm for the exercise of general jurisdiction is the individual's domicile." *Goodyear*, 564 U.S. at 924.

Here, Plaintiff is suing both an entity and an individual: Rebecca Fisher Law and Rebecca Fisher. Plaintiff does not allege that Rebecca Fisher Law engaged in "substantial" activity in Florida or that its affiliation with Florida is "continuous and systematic." Plaintiff also does not allege that Rebecca Fisher Law is headquartered or has its principal place of business in Florida. Furthermore, Plaintiff does not allege that Rebecca Fisher is domiciled in Florida. In fact, in her complaint, Plaintiff lists both Defendants as having a Texas address. Doc. 15 at 3.

Accordingly, Plaintiff has failed to establish a prima facie case of general personal jurisdiction regarding Defendants.

**B.    Plaintiff Has Failed to Make a Prima Facie Demonstration of Specific Personal Jurisdiction**

Florida's long-arm statute provides for specific personal jurisdiction when a defendant engages in any of nine enumerated activities, as long as the cause of action arises from or relates to the relevant activities. *SkyHop Tech., Inc. v. Narra*, 58 F.4th 1211, 1227–28 (11th Cir. 2023);

Page 9 of 12

Fla. Stat. § 48.193(1)(a). The nine activities enumerated by the statute include:

- operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida; and

- breaching a contract in Florida by failing to perform acts required by the contract to be performed in Florida.

Fla. Stat. § 48.193(1)(a)

Here, Plaintiff does not allege that Defendants were operating, conducting, engaging in, or carrying on business or a business venture in Florida. Plaintiff also does not allege that Defendants breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida. In fact, Plaintiff attached to her complaint the contract she is alleging Defendants breached. Doc. 15-1 at 5. The contract, which Plaintiff signed, explicitly states that "[b]oth parties agree that all acts associated with representation are within Bexar County, Texas and venue shall be Bexar County, Texas." *Id.* at 9.

Plaintiff responded to the show-cause order that "the Northern district court has authority to hear my case as the basis for jurisdiction it is a "diversity" case." Doc. 14 at 2 (errors in original). Plaintiff further

contends that because "the plaintiff and the defendants are citizens of different states," the District Court has jurisdiction. *Id.*

Obviously Plaintiff continues to equate personal jurisdiction with subject-matter jurisdiction. Personal jurisdiction and subject-matter jurisdiction, however, are different concepts, serve different purposes, and entail different requirements. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

Because Plaintiff has not alleged that Defendants engaged in *any* activity in Florida, Plaintiff has failed to make a prima facie demonstration of personal jurisdiction.

When a court advises a plaintiff that personal jurisdiction is lacking, and the plaintiff fails to correct this defect, a district court may dismiss the civil action *sua sponte. Algodonera De Las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005); *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988).

## CONCLUSION

Because Plaintiff has not made a prima facie demonstration that the District Court has personal jurisdiction over Defendants, the undersigned respectfully recommends that the District Court:

1.   **DISMISS** this civil action without prejudice.

2.   **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>30th</u> day of April 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to this R&R must be filed within fourteen days of the date of the report and recommendation. A party must serve a copy of any objections on other parties. A party who fails to object to this R&R waives the right to challenge on appeal the District Court's order based on unobjected-to conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**