**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**LINDA C. CHASE,**

     **Plaintiff,**

**v.**                                   **Case No. 5:26-cv-3-AW-MJF**

**REBECCA FISHER LAW and**
**REBECCA L. FISHER,**

     **Defendants.**

_____/

## <u>FINAL ORDER</u>

Pro se Plaintiff Linda Chase has again sued her former attorney and that attorney's law firm. The court has previously dismissed the same claim, as the magistrate judge's report and recommendation notes. This order dismisses the latest case.

Because Plaintiff is pro se, this case was referred to the magistrate judge for pretrial proceedings. The magistrate judge issued a report and recommendation concluding the court should dismiss for lack of personal jurisdiction. ECF No. 17. "In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue." *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). Here, there has been no waiver, and there is no indication the Defendants—

1

who have been sued multiple times in multiple different courts—would wish to waive personal jurisdiction. Indeed, in the earlier case, Fisher moved to dismiss for lack of personal jurisdiction (among other reasons). *See Chase v. Fisher*, Case No. 5:22-cv-179-AW-ZCB, ECF No. 21 (N.D. Fla. Nov. 18, 2022).

Plaintiff has had an opportunity to present her view on the issue. She filed a "notice of appeal and objection to the district court," which I have construed as an objection to the report and recommendation. ECF No. 18. I have considered the issue de novo. It appears Plaintiff continues to confuse subject-matter jurisdiction and personal jurisdiction. These are different concepts, and the fact that the parties are completely diverse does not mean there is personal jurisdiction.

I now adopt the report and recommendation and incorporate it into this order. Dismissal for lack of personal jurisdiction is appropriate. The motion for default judgment (ECF No. 20) is DENIED. The motion to amend (ECF No. 19) is also DENIED. The proposed amended complaint (ECF No. 19-1) would not cure the problem.

The clerk will enter a judgment that says, "Plaintiff's claims are dismissed without prejudice for lack of personal jurisdiction." The clerk will then close the file.

SO ORDERED on May 26, 2026.

s/ *Allen Winsor*
Chief United States District Judge